UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23 CR 44 SNLJ (ACL) |
| | ) | |
| LOGAN HENDRICKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION PENDING TRIAL**

**Part I – Eligibility for Detention**

Upon the Motion of the Government attorney pursuant to 18 U.S.C. § 3141, et seq., the Court held a detention hearing.  Following the hearing, the Pretrial Services Report (Doc. 12) was filed with a recommendation for detention.

The Indictment alleges one count of Resisting Arrest by Fleeing and one count of Driving While License Suspended.  The undersigned found that a detention hearing was warranted under 18 U.S.C. § 3142(f)(2) because "this case involves a serious risk that Defendant will flee or obstruct, or attempt to obstruct, justice."  This Court found that the Defendant's successful flight from police on February 21, 2023, due to his acceleration to speeds over one hundred miles per hour supports there is a serious risk that he will flee.  The undersigned must now determine whether any condition or combination of conditions of release will reasonably assure the appearance of the Defendant and the safety of any other person and the community.

In consideration of the evidence and information presented during and after the hearing, the undersigned finds that detention is warranted.  This Order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i).

**Part II – Findings of Fact and Law as to Presumption Under § 3142(e)**

While there is not a presumption for detention in this case, the Court concludes that the Defendant must be detained.

## Part III – Analysis and Statement of the Reasons for Detention

In concluding that the Defendant must be detained, the Court has considered the following:

1)  The Defendant is 25 years old.  He has lived in Missouri his entire life and in the same residence since childhood.  Currently, he shares the residence with his girlfriend and her brother.  He pays a share of the rent.  The Defendant indicated that he would return to that residence should he be released on bond.

2)  The Defendant has never married nor had any children.  He and his girlfriend have been in a relationship for two years.

3)  The Defendant completed high school. After high school, he attended a technical institute for one year, but did not earn a degree or certificate.  At the time of his arrest for the instant offense conduct he had been working for a construction company for one month.  Prior to that he worked at a sawmill, charcoal plant, and an egg carton factory.  The Defendant's girlfriend indicated that before working for the construction company he worked "side jobs" from around November 2022 through February 2023.  She indicated the couple share a bank account and it has a negative balance.

4)  The Defendant reported that he is in good physical health although he was in a motorcycle accident on October 5, 2022.  The accident resulted in him shattering his right hand, losing a front tooth, and a "road rash" scar on his left leg.  He was released from the hospital on the same day he was admitted.

5)  The Defendant was diagnosed with Attention-Deficit-Hyperactivity-Disorder and Dyslexia during childhood.  He is not currently receiving treatment for those conditions.

6)  The Defendant first consumed alcohol when he was thirteen years old and last used alcohol two weeks prior to his arrest.  He claimed he consumes alcohol once ever few months.  The Defendant first used marijuana at the age of sixteen and last used a day or so before the instant arrest.  He explained that he uses one gram of marijuana daily.  He added that he used methamphetamine beginning at the age of twenty, however, quit more than two years ago when he used the substance "all day, every day."  He also used Percocet in the past.  The Defendant was unsuccessfully discharged from a substance abuse treatment program sometime between 2017 and 2019.

7)  The Defendant was convicted of Assault Second Degree for Operating a Motor Vehicle while Intoxicated and Injuring Another for conduct that occurred on March 29, 2016.  *See* Government Exhibit #1.  The Defendant acknowledged he was driving

while high on marijuana and fell asleep at the wheel.  He then struck another vehicle and seriously injured two of the occupants.  He was sentenced to five years of probation on April 17, 2017, however, did not report to Probation and Parole to begin his supervision.  He was engaged in supervision four months later.  On May 25, 2018, the Defendant was observed travelling through a national park at an unreasonable rate of speed and took a breath test that returned positive for alcohol consumption.  He was cited for Driving While Intoxicated, Unreasonable Speed, and No Seat Belt.  The Defendant was ordered to treatment court.  He failed to appear for a court date and a warrant was issued.  He told his Probation Officer that he was "on the run" and did not want to go back into custody.  He served two terms of shock incarceration while under the probation term. He was also arrested for Driving While Revoked on December 31, 2022; and reportedly consumed alcohol in violation of his release conditions on January 21, 2022.  The Defendant reportedly completed treatment court on October 24, 2022.

The Defendant was also convicted of Driving While Revoked/Suspended on July 31, 2020.  He was not compliant with the conditions of supervision, *see* Government Exhibit #2, including failing to appear for a probation violation hearing on April 21, 2022.  He currently faces revocation of probation in that case.

8)  The facts underlying the instant Indictment which occurred on February 21, 2023, are described in the "Offense Description" of the Pretrial Services Report (Doc. 12 at p. 5) and they are incorporated herein by reference.

9)  The applicable sentencing range for the instant offense is up to 4 years of imprisonment, which may provide the Defendant with an incentive to flee, especially considering his history of fleeing under less serious circumstances.

## Part IV – Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

/s/ *Abbie Crites-Leoni*
United States Magistrate Judge

Dated:  April 1, 2023

Page **3** of **3**